[Civil No. 2272.   Filed May 26, 1925.]

[237 Pac. 194.]

## PHOENIX–TEMPE STONE COMPANY, a Corporation, Appellant, v. MOSE JENKINS, Appellee.

1. Master and Servant—Employee in Hazardous Occupation Entitled to Recover for Injury from Conditions, Though Such Conditions Might Exist in Nonhazardous Occupation.—Under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3162), if employee is engaged in occupation classified as hazardous, employer is liable for any accident, resulting from one of conditions of occupation, even though such condition was not one which induced legislature to classify occupation as hazardous, and might also exist in a nonhazardous occupation.

2. Trial—Refusal of Instructions, Merely Setting Forth in Detail Rule More Succinctly Stated in Other Instructions, Held not Error.—Though defendant's requested instructions were correct statements of law, failure to give them was not error, where they merely set forth in detail rule more succinctly stated in other instructions.

3. Master and Servant—Assumption of Risk No Defense, Under Employers' Liability Law.—Though assumption of risk is a defense to common-law action of negligence, in suit under Employers' Liability Law, it is no defense.

----

(1) See 26 Cyc., p. 1112, n. 73.   (2) 38 Cyc., p. 1711, n. 19.   (3) 26 Cyc., p. 1180, n. 56.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

----

2.   See 14 R. C. L. 751.
3.   See 28 R. C. L. 750.

Mr. Samuel White, Mr. G. P. Bullard and Mr. Charles A. Carson, Jr., for Appellant.

Messrs. Cox & Moore, for Appellee.

LOCKWOOD, J.—Mose Jenkins, hereinafter called plaintiff, brought an action against the Phoenix-Tempe Stone Company, a corporation, hereinafter called defendant, under the Employers' Liability Law of this state (Civ. Code 1913, pars. 3153–3162), for certain personal injuries which he alleged had been received by him. The complaint set up the usual allegations in an action of this kind.

There is practically no dispute in the evidence as to the circumstances of the accident, though there is a great deal as to the extent of the injury. Defendant was conducting a rock-crushing plant which contained machinery operated by both steam and electric power. Plaintiff was engaged in dumping rock into the crusher by means of a team of mules and a Fresno scraper. His duties required him to load the Fresno with rock and gravel and drive along the north side of the building containing the machinery, dumping the scraper near what is called "a grizzly." This last is an opening covered with bars, through which the rock and gravel fall on a revolving conveyor, and are by the latter carried into the crusher proper. Plaintiff, at the time of the injury, was hitching the mules to the scraper, and while so engaged the mules moved up, causing the iron handle of the Fresno to fall forward, striking the plaintiff on the collar-bone, and knocking him down. He claimed that various serious and permanent injuries were caused to his bones, heart, internal organs, arm, and ligaments. The evidence on this latter point was, as is usual in cases of this nature, in sharp dispute. The jury returned a verdict in favor of plaintiff for $2,000 and,

after the usual motion for a new trial was denied, defendant appealed.

There have been some twelve assignments of error made, most of which set up in different ways one proposition. Stated briefly, defendant's position is as follows: The Employers' Liability Law does not cover all accidents occurring in the named employments, caused by each and every condition of the employment, but only those caused by one of the inherent conditions which led the legislature to classify the employment as hazardous. The contention of plaintiff is that the test of liability is whether or not the employment itself is one of those declared hazardous, and, if so, the employee may recover for any accident occurring in the ordinary course of events during his work, due to any condition of the employment.

This point has been more or less indirectly touched on by our court in a number of cases since the Employers' Liability Law was passed. One of the first cases was *Inspiration Co.* v. *Mendez,* 19 Ariz. 151, 166 Pac. 278, 1183, in which the court says:

"The conditions occurring which create liability to respond are [these] . . . that the accident . . . arose from the dangerous and hazardous nature of the service required in the industry as such is ordinarily carried on. . . . "

In *Calumet etc. Min. Co.* v. *Chambers,* 20 Ariz. 54, 176 Pac. 839, we find the following language:

"The plaintiff, in order to recover . . . is required to allege . . . that he was employed by the defendant in an occupation declared hazardous . . . and the injury was caused by an accident due to a condition . . . of such employment. . . . The surroundings . . . show that the risks and hazards . . . are great and inherent in the occupation."

In *Arizona Copper Co., Limited,* v. *Burciaga,* 20 Ariz. 85, 177 Pac. 29, it is held:

"The Employers' Liability Law is designed to give a right of action to the employee injured by accident occurring from risks and hazards inherent in the occupation. . . . "

Later on in *Arizona Eastern R. Co.* v. *Matthews,* 20 Ariz. 282, 7 A. L. R. 1149, 180 Pac. 159, the court decided a billing clerk was not engaged in the operation of a railroad, within the Employers' Liability Law, and further said:

"Labor in any of the named occupations must mean actual, physical contact with the dangerous instruments and means used in carrying on the business. . . . Under our statute, the work must be hazardous, and the injury must have occurred because of the hazard or danger in the work itself."

It would seem from the language of the cases above quoted the court was approaching the position of the defendant, to the effect that the proximate cause of the accident must be one of those very risks which caused the employment to be classed as hazardous, and not merely a risk common to many other occupations also, which had no share in inducing the Legislature to include the particular employment in the dangerous classes.

However, a year later in *Consolidated Arizona Smelting Co.* v. *Egich,* 22 Ariz. 549, 199 Pac. 134, the court for the first time explicitly laid down the law on this issue as follows:

"The liability arises when the injury or death is caused by an accident due to a condition or conditions of the occupation, and . . . the accident need not necessarily happen by reason of an inherent risk or danger . . . if the relation of employer and employee exists, if the latter suffers injury or death in a named hazardous occupation caused by an accident due to a condition or conditions of the occupation. . . . Labor and service in the occupations enumerated are declared and determined to be hazardous. . . . We conclude that the contention of defendant that the injury

must have been caused by a risk or hazard inherent in the occupation . . . is without merit.''

And any contrary opinion expressed in the Mendez, Chambers, Burciaga and Matthews cases was specifically overruled.  Mr. Justice BAKER, concurring specially with the prevailing opinion, said:

''As I understand the Employers Liability Law, an employee engaged in work in one of the hazardous occupations . . . may recover for *any* accident occurring in the ordinary course of events during his work, the only other essentials being that the accident must be due to a condition or conditions of his employment. . . . In the case at bar, the head of the hammer flying off the handle was a simple accident, liable to occur in any occupation, hazardous or nonhazardous; yet it was due to a condition or conditions of the plaintiff's employment. . . . ''

We readopt the opinion last above quoted as the law of Arizona.  If plaintiff in this case was engaged in an occupation classified as hazardous, defendant was liable for any accident resulting from one of the conditions of the occupation, even though such condition was not one which had induced the legislature to classify the occupation as hazardous, and which might also exist in a nonhazardous occupation.

The foregoing disposes of assignments of error 1, 2, 3, 4, 5, 7, and 12.  The instructions asked by the defendant and referred to in assignments 6 and 8 and 10 were correct statements of the law and should have been given.  However, they merely set forth in detail the rule more succinctly stated in other instructions and we do not think the jury could have been misled by the failure to give them.

There is no merit in assignment No. 9.  In a suit under the Employers' Liability Law, assumption of risk is no defense, though it is under the common-law action of negligence.  *Consolidated Arizona Smelting Co.* v. *Egich, supra.*

We think an injury to the nerves was fairly included in the language of the complaint and it was proper to submit the question of nerve damage to the jury. No error of sufficient importance to require a reversal of the case appearing, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.