[Civil No. 2520.   Filed October 28, 1926.]

[250 Pac. 255.]

OATMAN UNITED GOLD MINING COMPANY, a Corporation, Appellant, v. ALLIE PEBLEY, Appellee.

Mr. C. W. Herndon, for Appellant.

Mr. S. D. Stewart, for Appellee.

LOCKWOOD, J.—Fred L. Pebley was working in a certain mine owned by Oatman United Gold Mining Company, a corporation, hereinafter called defendant, and on or about July 16th, 1923, met his death as a result of an accident occurring in the due course of his occupation. December 28th Henry C. Kelly was duly appointed administrator of the estate of Pebley, by the superior court of Mohave county, and qualified according to law. Thereafter, on March 3d, 1924, the administrator brought suit against defendant for the benefit of the estate of his decedent under title 23, Revised Statutes of Arizona of 1913, Civil Code, generally known as the "Lord Campbell Act." Pebley left neither wife nor child nor surviving father, but did have a widowed mother who was, partially at least, dependent upon his earnings for her support, and also a sister, whether dependent or not being undisclosed.

On June 17th, 1924, this mother, Allie Pebley, whom we will hereafter call plaintiff, brought the present suit against defendant for the death of her son, basing her claim on chapter 6, title 14, Revised Statutes of Arizona of 1913, Civil Code, generally known as the "Employers' Liability Law." To the complaint therein defendant filed its demurrer, and also a plea in bar, setting up the appointment of the administrator and the pendency of the case above referred to as brought by him, as well as various other defenses on the merits. On February 4th, 1925, the plea in bar was taken up by the court at the request of the defendant's counsel and plaintiff herein was sworn and testified for the information of the court on the matter. The plea was again argued on May 6th, and on May 7th it was denied by the court, and it was further ordered that the suit brought by the administrator above referred to should stand dismissed and his bond be released from

further liability. Thereafter the present case was tried before a jury, which returned a verdict in favor of plaintiff in the sum of ten thousand dollars, and, after the usual motion for new trial was presented and denied, defendant appealed to this court.

There are some six assignments of error made by defendant, but it maintains, and we think correctly, there is but one legal question involved, which may be stated as follows: Does the filing of a suit under the Lord Campbell Act by the administrator of the estate of a decedent constitute such an election of remedies as to bar a surviving mother of decedent, he leaving no wife, child or surviving father, from bringing the action allowed her under chapter 6, title 14, *supra?* We have held in *Con. Ariz. Smelting Co.* v. *Ujack,* 15 Ariz. 382, 139 Pac. 465:

"Under the laws of Arizona, an employee who is injured in the course of his employment has open to him three avenues of redress, any one of which he may pursue according to the facts of his case. They are: (1) The common-law liability, relieved of the fellow-servant defense and in which the defenses of contributory negligence and assumption of risk are questions to be left to the jury. Const. §§ 4, 5, art. 18. (2) Employers' Liability Law, which applies to hazardous occupations where the injury or death is not caused by his own negligence. Const. § 7, art. 18. (3) The Compulsory Compensation Law. . . .

"The last sentence of section 14 reads: 'Any suit brought by the workman for a recovery shall be held as an election to pursue such remedy exclusively.' This seems to us a plain declaration by the Legislature that the employee is at liberty to pursue any of the remedies provided by law until he adopts one by instituting a suit for redress, when the one adopted becomes exclusive."

And in the case of *Behringer* v. *Inspiration Con. Cop. Co.,* 17 Ariz. 232, 149 Pac. 1065, it is stated that upon the death of an employee in advance of his

making election "his personal representative is then relegated to an action for damages sustained by his estate by reason of his death under the so-called Lord Campbell's Act (title 23, *supra*), or an action under the Employers' Liability Act (chapter 6, title 14, Civil Code), according as his facts fall within the one or the other."

The general law in this jurisdiction is therefore clearly settled that the administrator of a decedent, killed while in the employ of another, has the choice of two inconsistent remedies, to wit, the Lord Campbell Act or the Employers' Liability Law, and that when he has filed his suit under the one it is a final election and a bar to any action on the other.

Plaintiff urges, however, that this doctrine of election does not apply herein, for the reason the first suit was filed by the administrator by virtue of the powers granted him under paragraph 3373, Revised Statutes of Arizona of 1913, Civil Code, while the second was brought by the surviving mother, to protect the right given her by paragraph 3158, Revised Statutes of Arizona of 1913, Civil Code, and that his action does not bar her from exercising the privilege given her by the statute referred to. Paragraph 3373, *supra,* reads, in part, as follows:

"Every such action shall be brought by and in the name of the personal representative of such deceased person; the father, or in the case of his death or desertion of his family, the mother, may maintain the action for the death of a child, and the guardian for the death of his ward; and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate. . . . ".

While on the other hand, paragraph 3158, *supra,* in referring to the Employers' Liability Law, says that in cases thereunder:

"The employer of such employee shall be liable in damages to the employee injured, or, in case death ensues, to the personal representative of the deceased, for the benefit of the surviving widow or husband and children of such employee; and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee; and, if none, then to his personal representative, for the benefit of the estate of the deceased."

It will be seen by a comparison of these sections that under the facts of the present case the mother of the deceased was the only person entitled to bring suit under the Employers' Liability Law, she being both the nominal plaintiff and the beneficiary of such action; while under paragraph 3373, *supra,* apparently either the personal representative or the mother could sue, but the recovery was for the benefit of the estate, to be distributed according to the laws of descent and distribution. *Bryan* v. *Inspiration Con. Cop. Co.,* 23 Ariz. 541, 205 Pac. 904; *Tucson Gas, Electric Light & P. Co.* v. *Doe,* 28 Ariz. 140, 236 Pac. 464.

We have, then, the rather anomalous situation of two parties, one of whom on a certain state of facts is given a right to sue under either one of two different statutes, while the other on the same facts is given the right of action under one of them. As we held in the Ujack case, *supra,* the injured employee has three inconsistent remedies, any one of which he may pursue, but an election under one bars the others; while under the Behringer case his personal representative may only choose between two of the three, and although it is not expressly so stated, of course, is subject to the same rule as to election. It would seem to follow, and this is consonant with common sense and fundamental principles, there cannot be two recoveries for the one death, and sooner or later there must be an election by some-

one. If that be true, either the suit of the administrator or that of the mother must necessarily fall. They cannot both be carried to a successful conclusion. Which, then, has the superior right of choice?

The entire trend of modern legislation in this field has been, so far as possible, to get away from the old common-law action of negligence and the rules governing it as between master and servant, and substitute therefor the doctrine that the industry must bear the burden of human, as well as material, wastage. This was the intent and the purpose of sections 3–8, article 18, of our Constitution, and all of the legislation adopted thereunder. The late amendment to section 8 of the Constitution (see Laws 1925, c. 82), and the new Workmen's Compensation Act (Laws 1925, c. 83) passed in pursuance thereof, are steps in the same direction. We think, therefore, the spirit of our public policy, as laid down in the Constitution and the legislation based thereon, justifies the conclusion that an election made by one whose right to sue and remedy are based on the Employers' Liability Law is superior even to one made prior in time by one whose authority and claim to recover are predicated only on the Lord Campbell Act. Of course, if the first case has proceeded to judgment, the second may not be maintained in the absence of fraud, actual or constructive, but, if it has not, it may and should be dismissed on the request of the party who has brought suit under the Employers' Liability Law.

While it does not appear affirmatively from the record that plaintiff herein formally moved for a dismissal of the prior suit, yet her bringing of this one and her resistance of the plea in bar could be taken in no other light than as an objection to the action brought by the administrator.

For the foregoing reasons the rulings of the superior court of Mohave county were correct, and its judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.