[Civil No. 2536.  Filed December 20, 1926.]

[251 Pac. 553.]

J. G. TARBELL, O. H. TARBELL and H. W. STEELE, Copartners Doing Business Under the Name and Style of TARBELL TRANSFER COMPANY, Appellants, v. JOE RIVERA, Appellee.

Mr. John W. Ray and Mr. C. H. Young, for Appellants.

Mr. Albert D. Leyhe, for Appellee.

LOCKWOOD, J.—Joe Rivera, hereinafter called appellee, brought suit against J. G. Tarbell, O. H. Tarbell and H. W. Steele, copartners under the name of Tarbell Transfer Company, hereinafter called appellants, for damages for personal injuries which he alleged he had received while in their employ. The complaint alleged among other things:

"That defendants . . . own and conduct a plant . . . where gasoline is used as the motive power to operate the machinery and appliances employed in washing sand, classifying gravel, and crushing rock. That . . . plaintiff was in the employ of defendants engaged in the hazardous occupation of shoveling and leveling sand in a lumber bin constructed at said plant, and while so employed . . . the back of his hands, by reason of the conditions under which he was laboring, were caused to strike forcibly against the side walls and the top of said bin, and thereby splinters . . . from the boards and timber forming the side walls and top thereof . . . penetrated both his hands and remained embedded therein, lacerating, wounding, and injuring them, all of which was caused by an accident arising out of and in the course of his labor, service, and employment and due to a condition or conditions of such occupation or employment, and not caused by his negligence. . . . "

There were the ordinary further allegations of serious permanent injury and a plea for damages in the sum of $3,000. A general demurrer was interposed, and a special demurrer that the complaint wholly failed to state a cause of action under the Employers' Liability Law (Civ. Code 1913, par. 3153 et seq.) or under any law. They were all overruled, and the case tried before a jury.

After appellee's evidence was in, appellants moved for an instructed verdict, which motion was denied, and evidence was then offered on behalf of appellants. At the close of all the testimony, the latter asked leave to file a trial amendment setting up the defense of assumption of risk, which was denied by the court, and thereafter the jury returned a verdict in favor of appellee in the sum of $500. After motion for new trial was made and overruled, appellants brought the case before us for review.

It appears from the records of this court that appellee has not even entered his appearance herein; that he has not attempted to file a brief, or to argue the case. Ordinarily it is our practice to take such conduct on the part of an appellee as a confession of error, and to reverse the case for that reason. It appears, however, on an examination of the questions involved, that such action might be taken as laying down general rules of law, which would be extremely misleading both to the trial courts and the bar of the state, and for this reason we shall discuss the issues presented by appellants.

There are some six assignments of error which raise in effect two propositions of law. The first may be considered on the demurrers to the complaint. It is evident from the quotation therefrom given above that appellee's suit was intended to be based on the Employers' Liability Law. Appellants contend that the complaint does not state a cause of action under such law, and argue most strenuously

that the injury set up was not incurred in a hazardous occupation within the meaning of the Constitution or the statute. Their position apparently is that the particular injury alleged is such a one as might occur in any occupation or under any circumstances and that therefore it is not within a hazardous employment or one of the "conditions of the employment" covered by law. This in effect is presenting the same issue which was before us in the cases of *Consolidated Arizona Smelting Co.* v. *Egich*, 22 Ariz. 549, 199 Pac. 132, and *Phoenix-Tempe Stone Co.* v. *Jenkins*, 28 Ariz. 291, 237 Pac. 194.

In the last-named case, after reviewing the Egich case, we said:

"If plaintiff in this case was engaged in an occupation classified as hazardous, defendant was liable for any acts resulting from one of the conditions of the occupation, *even though such condition was not one which had induced the Legislature to classify the occupation as hazardous, and which might also exist in a nonhazardous occupation.*" (Italics ours.)

Under paragraph 3156, Revised Statutes of Arizona of 1913, Civil Code, among the occupations therein declared to be hazardous, are:

"10. All work in mills, shops, works, yards, plants and factories where steam, electricity, or any other mechanical power is used to operate machinery and appliances in and about such premises."

The complaint alleges the appellee was engaged in shoveling sand in a lumber bin constructed at the plant of appellants, and that in such plant gasoline was used as the motive power to operate the machinery and appliances employed. We think on its face this was an occupation within the terms of the act as quoted above. The demurrer therefore was properly overruled.

The stipulation of facts herein shows that the particular circumstances of appellee's injury were as

follows: There was a bin some eighteen feet high set upon large wooden posts, for the purpose of holding sand and gravel which had been washed and classified, so that such sand and gravel could be more easily loaded on trucks by chutes at the bottom of the bins. The cleaned sand and gravel was taken from the washing chutes by a series of shovels or buckets attached to a frame operated by a gasoline motor, and dumped into the bin. Appellee was required by his duties to remain in the bin, and, as the sand was deposited therein, to shovel it about so as to keep it evenly distributed. It was while he was so engaged, according to his testimony, that his hand accidentally came in contact violently with either the top or sides of the bin and large splinters were thereby forced into it. These splinters afterwards caused blood poisoning, and it is as the result thereof that he claims both damage and damages.

It is evident from the foregoing statement that the case comes squarely within the rule laid down in the Egich and Jenkins cases, *supra*. Work of the kind appellee was performing was of such a nature that one of the natural conditions of the employment was the possibility of just such an accident as did occur, and, although doubtless such possibility was not one which induced the legislature to classify the business as hazardous, yet it is one for which, under the cases quoted above, appellants were liable. We see no reason for receding from the position previously taken by us, and the trial court correctly overruled the demurrer and denied appellants' motions for an instructed verdict.

The second point is that the trial court erred in refusing to allow appellants to introduce into the case the issue of assumption of risk, and it is urged under section 5, article 18, of the Constitution:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be

a question of fact and shall, at all times, be left to the jury.''

It is true that, if this suit were based upon the common-law action of negligence, appellants could both plead and prove assumption of risk, and their contention would be well founded. It is, however, brought specifically under the Employers' Liability Law, and under that law assumption of risk is no defense. It was never intended by the makers of the Constitution that the question of assumption of risk would be presented to a jury in an action where such issue could not legally arise. The trial court very properly, therefore, refused to allow it to be injected into the case.

What we have said on these two points disposes of the points raised by appellants.

There being no error in the record, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J.; concur.