[Civil No. 3617. Filed May 1, 1936.]

[57 Pac. (2d) 316.]

J. F. MORENO, as Trustee of National Gold Corporation, a Corporation, Appellant, v. WALKER B. MOORE, Appellee.

Mr. Leo T. Stack, for Appellant.

Mr. L. J. Cox, for Appellee.

LOCKWOOD, C. J.—Walker B. Moore, hereinafter called plaintiff, recovered a judgment in the superior court of Yavapai county against National Gold Corporation, a corporation, hereinafter called defendant. The latter went into bankruptcy, and J. F. Moreno was appointed trustee in bankruptcy and was substituted for it in the prosecution of the appeal.

The record in this court is somewhat complicated, due to the fact that the reporter's transcript was stricken on motion, and thereafter there were various motions and counter motions in regard to the briefs of both plaintiff and defendant. After these motions had been finally disposed of, the case was submitted on the abstract of record filed March 7th, appellant's brief filed May 8th, and appellee's brief filed June 11, 1935, and we consider the appeal on these documents.

 There are no formal assignments of error appearing in appellant's brief, but we find the following statement:

"The only question presented by this appeal is whether appellee's (plaintiff's) employment fell within the purview of that part of Article 4, [chapter] section 24 (sec. 1386) Revised Code of Arizona 1928, which denominates work in and about mines as hazardous, . . . Therefore, we confine ourselves to the facts as disclosed by the pleadings."

Construed as liberally as possible, we may take this as an assignment of error that the court erred in sustaining the general demurrer to plaintiff's complaint. Let us examine the complaint and see whether it does state a cause of action. The essential portions thereof are as follows:

"That heretofore on and prior to the 30th day of August, 1933, defendant was operating what is known as the National Gold Corporation Mine, formerly the

Midnight Test Mine, in the Hassayampa Mining District, about nine and one-half (9½) miles southeast of Prescott, Arizona, being a lode gold mine. . . .

"That at said time and place plaintiff was engaged in manual and mechanical labor and services in the employ of defendant in and about said occupation of mining, . . . and by reason of the nature and conditions of and the means used and provided for doing the work therein plaintiff was severely injured by an accident arising out of and in the course of such labor, services and employment and due to a condition or conditions of such occupation or employment which said injury was not caused by the negligence of plaintiff and said accident occurred as follows:

"That while plaintiff was engaged in nailing or attaching sheets of corrugated iron to a building or structure over and protecting the ore-conveyor at said mine, and while standing on the ground near the wall of said structure, another workman or employee, H. L. Moore, while acting in the line and scope of his employment in and about handling certain large timbers on said construction, allowed a large piece of green or heavy timber . . . to fall a distance of approximately nine (9) feet striking plaintiff across the small of his back in the region of the kidneys, . . . as a proximate consequence plaintiff was bruised and injured. . . . ' '

This is an attempt to state a cause of action under subdivision 8, section 1386, Revised Code of 1928, which reads, so far as material, as follows:

"*Hazardous occupations enumerated.* The occupations hereby declared and determined to be hazardous within the meaning of this article are as follows: . . . 8. All work in or about quarries, open pits, open cuts, mines, ore reduction works and smelters."

It is the contention of defendant that the complaint shows on its face that the accident which occurred to plaintiff was not due to the condition or conditions of "work in or about . . . mines," but was rather carpenter work which, although done for a mining com-

pany, was not done "in or about" the mine, and that, therefore, it does not state a cause of action under the employer's liability law. In support of this proposition, he cites to us the case of *United Eastern Min. Co.* v. *Hoffman,* 27 Ariz. 97, 230 Pac. 1099, 1102. In that case the plaintiff was doing carpenter work about half a mile from the mine on the tower of an aerial tramway which was to be used for conveying ore from the mine of defendant to its mill. In discussing the case, we laid down the rule as follows:

"We are satisfied 'about,' in the context in which it is used, was intended to mean work of the general character done or carried on in the danger zone incident to operating a mine. It is a broader word than 'in,' but not broad enough to reach work unrelated to mining in proximity or character. It covers work that subjects the workmen to the dangers incident to a mine, but not work away from the mine and any of the dangers or hazards incident thereto. It is obvious that the work plaintiff was engaged in at the time he was hurt did not bring him into the range of any of the peculiar dangers and hazards incident to operating a mine, and that therefore he is not entitled to recover in this action."

And we held that the work done by plaintiff was not done in the danger zone incident to the operating of a mine. In the present case, the allegation is that the work was similar in character to that performed by plaintiff in the Hoffman case, but it appears that instead of being some distance from the mine, it was "at said mine." In testing the sufficiency of the complaint, on a general demurrer, we must presume that the pleading states the truth and, therefore, that the accident did occur "at the mine," a phrase which certainly comes well within the words "in or about" a mine. But, it may be said, the plaintiff was not engaged in mining itself, but in carpentering work on behalf of the mining company, and that under the

Hoffman case any accident which was not inherently a hazard to mining, as distinct from carpentering work, does not come within the employer's liability law. It will be noticed that the statute does not refer merely to mining, but uses the phrase "all work in or about ; . . mines." We have had under consideration several times the question as to whether an employee engaged in a business expressly declared hazardous may recover for *any* accident occurring while he is engaged in that business, or whether the accident must have been one peculiarly inherent to the particular business. In the case of *Phoenix-Tempe Stone Co.* v. *Jenkins,* 28 Ariz. 291, 237 Pac. 194, 195, we reviewed all of our previous decisions, and said:

"If plaintiff in this case was engaged in an occupation classified as hazardous, defendant was liable for any accident resulting from one of the conditions of the occupation, even though such condition was not one which had induced the Legislature to classify the occupation as hazardous, and which might also exist in a nonhazardous occupation."

We think, therefore, that since plaintiff, according to the complaint, was engaged in a hazardous occupation, to wit, "work . . . in and about . . . a mine," any accident which occurred as a result of one of the hazards incident to such work fell within the terms of the act. Clearly the falling of a timber was a hazard incident to the work which he was doing. The complaint, therefore, showed on its face that the injury which it was alleged he received was the result of an accident due to a condition of his occupation, and that the occupation was covered by the statute. The complaint, therefore, stated a cause of action.

There is but one other matter called to our attention by defendant's brief, and that is that the

court erred in giving a certain instruction. We have examined the abstract of record and do not find 'that this instruction is included therein, and we will not refer to the original record on file in this court to aid the abstract in this respect. *Martin* v. *Bankers' Trust Co.*, 18 Ariz. 55, 156 Pac. 87, Ann. Cas. 1918E 1240; *Garford* v. *Hyder*, 35 Ariz. 264, 276 Pac. 523. Nor is the reporter's transcript, which contains all the instructions actually given by the trial court, a part of the record. We, therefore, cannot consider this objection.

The judgment of the superior court is affirmed.

McALISTER and ROSS, JJ., concur.