259 P.2d 246

**HARALSON et ux. v. RHEA et ux.**

**No. 5690.**

Supreme Court of Arizona.

July 13, 1953.

Claude E. Spriggs, of Phoenix, for appellants.

Anderson & Smith, of Safford, for appellees.

UDALL, Justice.

This is an appeal from a judgment obtained by plaintiffs-appellees, Edward .L. Rhea, et ux. against J. A. Haralson, et ux., defendants-appellants, on two separate causes of action. The parties are before us in the reverse order of their appearance in the trial court, but for convenience reference will be made to them herein as they there appeared, namely as plaintiff and defendant. (The names of the respective wives were inserted merely to meet statutory requirements.)

The basis for the suit is a written agreement between the parties for the sale of real estate which was admittedly drafted by a layman. It contains a proviso that a part of the purchase price thereof is to be paid by labor to be performed by the plaintiff for defendant at an agreed salary of

ten dollars per day. The case was tried to the court sitting without a jury.

### First Cause of Action

This is brought under the Employers' Liability Law, Ch. 56, Art. 8, A.C.A. 1939, which covers employment of manual and mechanical labor in hazardous occupations.

The facts relied upon for recovery under this cause of action, stated in a light most favorable to a sustaining of the judgment, are that: (a) plaintiff was employed by defendant to aid in the construction of a home upon the premises which plaintiff was purchasing from defendant; (b) the operation of a power saw, owned and furnished by defendant, was a part of plaintiff's duties; (c) said power saw was defective in that there was no guard or plate thereon protecting the operator; (d) defective wiring caused an intermittent flow of electric power with which to operate the saw, thereby creating an additional hazard; (e) as a result of using this defective equipment, the plaintiff was, on May 10, 1950, seriously injured when his right hand came in contact with the saw; (f) plaintiff suffered the loss of two fingers and the partial loss of use of the remaining fingers on said hand, which the doctor testified constituted a 75% disability in the use of this hand.

■ The trial court, upon conflicting evidence as to certain features, held that: (1) defendant employer was subject to the provisions of the Workmen's Compensation Law, Ch. 56, Art. 9, A.C.A. 1939, in that he had three or more workmen in his employ; (2) the defendant had failed to comply with the law in that he had not obtained, at the time of the accident, a policy of insurance covering his employees; (3) the relation of employer-employee existed between the parties hereto, hence the plaintiff was not, as claimed by defendant, an independent contractor. From an examination of the transcript we hold that these findings are amply sustained by the evidence.

■ Where an employer fails to provide his employees with insurance as is required by the Workmen's Compensation Law, supra, he is penalized under the provisions of Section 56-947, A.C.A. 1939, in that the injured employee then has two remedies, viz.: (1) procure an award from the Industrial Commission which may be docketed as a judgment with the clerk of the superior court; (2) sue the employer in the courts "* * * in an action under any other law of the state * * *." This latter provision was interpreted, in the excellent opinion written by Justice Lockwood in the case of Robles v. Preciado, 52 Ariz. 113, 79 P.2d 504, to mean (a) the common-law action of negligence, or (b) the Employers' Liability Law. See also, Hammels v. Britten, 53 Ariz. 112, 85 P.2d 992.

■■ Because of the hazardous nature of the work he was performing at the time of his injury, the plaintiff in the instant

case elected to sue under the Employers' Liability Law, no doubt relying upon subdivision (6) of Section 56–803, which reads in part:

"All work of construction, * * * where wires, * * * or other apparatus or machinery are in use charged with electrical current".

See, Schneider, Workmen's Compensation Text, Vol. 2, Perm.Ed., Section 544, entitled "Power Machinery".

Section 56–947, supra, further provides that where suit is brought,

"* * * the defendant shall not avail himself of the defenses of assumption of risk, or of contributory negligence, and in all such actions proof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in such injury * * *",

from which it appears the only defense left to defendant is to show that the injury was caused by the sole negligence of the employee. While the trial court found that the plaintiff was guilty of contributory negligence of the most gross kind it did not find that the plaintiff's negligence was the sole proximate cause of the injury, for it also held that the defendant had failed to carry the burden of showing that he was free from negligence in that the power saw which was made available by him for plaintiff's use was without the safety features of a guard and plate.

The court entered judgment for the plaintiff on this cause of action for $3,008, of which amount $508 represented expenses incurred for hospitalization and medical care. It appears from the record that damages in a greater amount would have been entered had it not been for contributory negligence on the part of plaintiff. The court invoked the provisions of Section 56–805, A.C.A. 1939, of the Employers' Liability Law, as a justification for diminishing the damages allowed. While Section 56–947, supra, of the Workmen's Compensation Act is silent as to the diminution of damages on account of contributory negligence on the part of the plaintiff, we deem it unnecessary to determine, in the instant case, whether the court was empowered to invoke the provisions of Section 56–805, supra, for in any event, if error was committed in that regard, it benefitted the defendant and hence furnishes no ground for complaint upon his part.

The gist of defendant's first two assignments of error is that the court erred as a matter of law in entering judgment for the plaintiff and against the defendant where the relationship of employer-employee was shown to exist under the Workmen's Compensation Act, it being his contention that under the latter Act the employee may never sue his employer. As we have previously pointed out there is no merit to this contention under a factual sit-

uation such as is here presented. We hold that the first cause of action was properly brought under the Employers' Liability Act by virtue of the grant and limitations imposed by Section 56–947, supra, of the Workmen's Compensation Act.

## Second Cause of Action

The second cause of action was an alternative pleading, and since relief was granted on the first cause, the court ordered that the plaintiff take nothing on this cause of action.

## Third Cause of Action

■ This was based upon an alleged wrongful breach and rescission by defendant of the agreement for sale of real estate which made unnecessary further performance thereof on the part of plaintiff. The plaintiff sought a recovery of $500 down payment, plus the value of his services for the 5½ days he worked for defendant, together with interest thereon. The court entered judgment on this count in the sum of $615.68, which was the full amount prayed for in plaintiff's complaint. The sole assignment of error is to the effect that this portion of the judgment is contrary to law and is not sustained by the evidence.

Immediately after the accident, defendant offered to cancel the contract and refund the $500 down payment but plaintiff refused the offer for the reason that it was made under circumstances which tended to make its acceptance a complete settlement. Under such circumstances plaintiff was legally justified in refusing acceptance of the amount he had paid defendant. Shortly thereafter defendant declared said contract at an end and the money paid thereunder forfeited. This suit followed.

Under the terms of the written agreement the plaintiff had the right, within a reasonable time, to pay the balance of the purchase price of $2,000 by labor to consist of:

"carpenter work, bulldozer operator, well drilling machine operator, trucking or anything around a second-hand store, at a salary of $10.00 per day."

After the accident plaintiff Rhea didn't refuse to work; he was unable to work, partly as a result of the negligence of the defendant in furnishing unsafe machinery. As an evidence of good faith during the period of his total incapacity the plaintiff offered the services of a brother-in-law, who was a finished carpenter, to work in his place as a substitute. This offer was refused by defendant, which of course he had a right to do. Very shortly after the accident the defendant ordered the plaintiff off his property and, even though the contract specified no time within which the plaintiff's labor was to be performed, the defendant took advantage of the situation by rescinding the contract and declaring a

forfeiture for failure to make further payments. Before this suit was filed the defendant had, according to plaintiff's evidence, breached his agreement in that the house which was being built upon the premises was not completed and ready for plaintiff's occupancy within the 60-day time limit provided for in the contract. The plaintiff properly takes the position that under these peculiar circumstances his further performance of the contract was temporarily excusable and after the defendant illegally declared a rescission and forfeiture he was no longer obliged to perform but could bring suit to recover the down payment plus wages earned. Cf. Hillman v. Busselle, 66 Ariz. 139, 185 P.2d 311.

The defendant also relies upon the proposition that because the contract provided no fixed time within which the balance of the purchase price was to be paid by the labor of plaintiff, the contract was thereby rendered invalid. There is no merit to this contention for the universal rule is that where no time is specified a reasonable time is implied. See, 12 Am. Jur., Contracts, section 299.

We hold, as to this cause of action, that the evidence fully sustains the judgment and that the court correctly applied the law to the facts as he found them to be.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.