**365 P.2d 472**

**Joe K. FEFFER, d.b.a. Wagon Wrench Cattle Company, Appellant,**

**v.**

**Tommy G. BOWMAN, Appellee.**

**No. 7027.**

Supreme Court of Arizona.

En Banc.

Oct. 11, 1961.

Westover, Mansfield, Westover & Copple by Tom Choules, Yuma, for appellant.

Rolle, Jones & Miller, Yuma, and Dunseath, Stubbs, Morse & Burch, by Linwood Perkins, Jr., Tucson, for appellee.

UDALL, Justice.

Defendant appeals from a judgment of the Superior Court of Yuma County for plaintiff Tommy G. Bowman in the amount of $5,294.

For the purposes of this appeal the important facts are as follows: Defendant, in the business of buying and selling cattle, maintained eight pens or corrals on two and one half to three acres of land adjacent to the railroad tracks seven miles east of Yuma, Arizona. Eighty to ninety percent of defendant's purchases and sales were consummated over the telephone; the corrals were utilized only when all or some of the incoming cattle shipments were not sold prior to arrival, and then only for brief periods until the cattle were either sold or pastured awaiting sale. Defendant bought and sold hay incident to his cattle buying and selling operations.

Plaintiff, the only man permanently employed by defendant to work at the corrals, fed and pastured the cattle and did repair work about the premises. Feeding the cattle often involved use of defendant's hay chopper, a homemade, portable machine powered by a Buick automobile engine, into which flakes of baled hay were fed with a pitch fork. The chopper was the only item of "machinery" located at the corrals other than two trucks and a water pump. On March 5, 1958 plaintiff suffered the loss of three fingers from his right hand while attempting to remove or push on through a flake of hay clogged in the knives of the chopper.

Plaintiff's theory of the case and the trial court's conclusion of law was that the nature of plaintiff's employment brought the action within the scope of the Arizona Em-

ployers' Liability Law.[1] Neither party to this action has presented nor has this court found any decision wherein the Employers' Liability Law has been held applicable to injuries arising in the course of farm or ranch work. Therefore, whether plaintiff's employment is or was ever intended to be within the purview of that enactment can only be resolved by referring to the text of the statute itself, its legislative history and its embellishment by judicial gloss during its forty-nine year existence.

Pursuant to constitutional mandate [2] this state's first legislature acted "To Provide for Employers' Liability for Injuries to Workmen in *Especially Dangerous Occupations.*" Ariz. Laws 1912, Ch. 89, at page 491 (Title). (Emphasis added.) The Act's first three sections, virtually unchanged from their 1912 predecessors, provide as follows:

"A.R.S. § 23–801. Liability of employer

"To protect the safety of employees in all hazardous occupations in mining, smelting, manufacturing, railroad or street railway transportation, or any other industry, as provided in § 7, article 18 of the constitution, any employer, whether individual, association or corporation, is liable for the death or injury, caused by an accident due to a condition or conditions of such oc-

cupation, of an employee in the service of such employer, in a hazardous occupation, in all cases in which the death or injury of the employee is not caused by the negligence of the employee killed or injured."

"A.R.S. § 23–802. Declaration of policy

"Labor and services of workmen at manual and mechanical labor in the employment of a person in an occupation declared by § 23–803 to be hazardous is service in a hazardous occupation within the meaning of the terms of § 23–801. By reason of the nature and conditions of and the means used and provided for doing the work in a hazardous occupation, such service is especially dangerous and hazardous to the workmen because of risks and hazards inherent in such occupations and which are unavoidable by the workmen therein."

"A.R.S. § 23–803. Hazardous occupations

"The following occupations are hazardous within the meaning of this article:

"1. The operation of steam railroads, electrical railroads, street railroads by locomotives, engines, trains, motors or cars of any kind propelled by steam, electricity, cable or other

---

1. A.R.S. §§ 23–801 to 23–808 (1956).

2. Ariz.Const. art. 18, § 7, A.R.S.

mechanical power, including construction, use or repair of machinery, plants, tracks, switches, bridges or roadbeds, upon, over and by which the railroad is operated.

"2. All work when making, using or necessitating dangerous proximity to gunpowder, blasting powder, dynamite, compressed air or other explosive.

"3. The erection or demolition of a bridge, building or structure in which there is, or in which the plans and specifications require, iron or steel frame work.

"4. The operation of elevators, elevating machines, derricks or hoisting apparatus used within or on the outside of a bridge, building or other structure for conveying materials in connection with the erection or demolition of the bridge, building or structure.

"5. All work on ladders or scaffolds of any kind elevated twenty feet or more above the ground or floor beneath used in the erection, construction, repair, painting or alteration of a building, bridge, structure or other work in which a ladder or scaffold is used.

"6. All work of construction, operation, alteration or repair where wires, cables, switchboards or other apparatus or machinery are in use which are charged with electrical current.

"7. All work in the construction, alteration or repair of pole lines for telegraph, telephone or other purposes.

"8. All work in or about quarries, open pits, open cuts, mines, ore reduction works and smelters.

"9. All work in the construction and repair of tunnels, subways and viaducts.

"10. All work in mills, shops, works, yards, plants and factories where steam, electricity or any other mechanical power is used to operate machinery and appliances in and about the premises."

■ A plaintiff in a common law negligence action against his employer enjoys by virtue of this state's constitution freedom from the strictures of the fellow servant doctrine [3] and the assurance that the defenses of contributory negligence and assumption of risk shall in all cases be jury questions.[4] But his counterpart in an Employers' Liability suit benefits from several additional substantive and procedural advantages. One of these is the doctrine of comparative negligence—"The fact that the employee was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee." A.R.S. § 23–806 (1956). Further, and herein lies an

3. Ariz.Const. art. 18, § 4.

4. Ariz.Const. art. 18, § 5.

important distinction between this and the employers' liability acts of other states, plaintiff need not allege or prove negligence on the part of the defendant employer.[5]

If the legislature intended to confer such advantages on those engaged in agricultural pursuits surely farm and ranch work or certain facets thereof would have been enumerated as hazardous occupations in the predecessor of Section 23–803.[6]

No indication of legislative intent to include such activities within the scope of the Employers' Liability Law can be gleaned from the relevant legislative journal entries pertaining to the 1912 enactment or to any of the subsequent amendments to the Act. Indeed, the only available evidence bearing on the matter indicates the contrary to be true. For, during the constitutional convention, John Bolan of Cochise County urged in support of that version of Proposition eighty-eight now embodied in the constitution as article eighteen, section seven that:

"If you have this in the constitution, it specifies that the legislature shall do something in the matter of mine, smelter, street railway transportation and others of the *most hazardous occupations*." Journal of Constitutional Convention (November 22, 1910 at p. 8). (Emphasis added.)

The Employers' Liability Law should be and has been construed broadly "to carry out the legislative purpose that accidents sustained by those who do the work of an industry should be borne by the industry and paid out of the trade product * * *." Arizona-Hercules Copper Co. v. Crenshaw, 1919, 21 Ariz. 15, 20, 184 P. 996, 998. To render meaningful the remedial provisions of the Act this court held in Consolidated Arizona Smelting Co. v. Egich, 1920, 22 Ariz. 543, 551, 199 P. 132, 135 that:

"The legislative statement [§ 23–802] that in the occupations named the means used and provided for doing the

5. A good complaint under the Act must allege:
"* · * * First, the relation of employer and employee; second, the hazardous character of the employment; third, an injury caused by an accident while engaged in such employment; fourth, that the accident was .due to a condition or conditions of the occupation or employment; and, fifth, that the injury was not caused by the negligence of the plaintiff." Southwest Cotton Co. v. Ryan, 1921, 22 Ariz. 520, 532, 199 P. 124, 128.

6. Cf. United Eastern Mining Co. v. Hoffman, 1924, 27 Ariz. 97, 104–105, 230 P. 1099, 1101 wherein it was stated that:
"The state's policy, as expressed in the Constitution (article 18, § 7), is to make the employer liable to the employee 'in all hazardous occupations' in certain enumerated industries (and any others selected by the Legislature) * * *. The occupation, whether it be in the industries named in the Constitution or in other industries selected by the Legislature, must be hazardous, not only in fact, but by declaration and determination of the Legislature."

work are dangerous and hazardous, and the risks and hazards therein inherent and unavoidable * * * is not a declaration that the accident causing the injury or death must have occurred from an inherent danger, or have been unavoidable, before a recovery could be had."

This construction of the act was re-adopted in Phoenix-Tempe Stone Co. v. Jenkins, 1925, 28 Ariz. 291, 295, 237 P. 194, 195 wherein it was stated that:

"If plaintiff in this case was engaged in an occupation classified as hazardous, defendant was liable for any accident resulting from one of the conditions of the occupation, even though such condition was not one which had induced the Legislature to classify the occupation as hazardous, and which might also exist in a nonhazardous occupation."

But this court will not, in the guise of construing the provisions of the Act so as to fully effectuate its purpose, judicially extend its special protections to occupations which are not inherently dangerous either by common experience or by definition in the Act. "The Employers' Liability Law is not a general compensation law reaching all kinds of labor, both hazardous and nonhazardous." United Eastern Mining Co. v. Hoffman, 1924, 27 Ariz. 97, 101, 230 P. 1099, 1100.

The Act has been held applicable where individuals have been injured in such hazardous occupations as mining,[7] smelting,[8] mill work,[9] rock-crushing,[10] building[11] and tunnel construction[12] to mention but a few. And the right to sue under the Act has been upheld where the injuries involved occurred while persons were engaged in hazaradous *types* of work (as opposed to named hazardous industries) as defined in Section 23-803. E. g., Inspiration Consolidated Copper Co. v. Bryan, 1927, 31 Ariz. 302, 252 P. 1012.

In this case, however, plaintiff argued and the trial court held that defendant's corrals constituted a "stockyard" and that such "stockyard" was fairly within the meaning of the word "yards" in Section 23-803, subd. 10. Further, it was asserted and so held below that operation of the hay chopper in such a "stockyard" constituted the necessary use of "machin-

---

7. Moreno v. Moore, 1936, 47 Ariz. 529, 57 P.2d 316; Oatman United Gold Mining Co. v. Pebley, 1926, 31 Ariz. 27, 250 P. 255.

8. United Verde Extension Mining Co. v. Littlejohn, 9 Cir., 1922, 279 F. 223.

9. Southwest Cotton Co. v. Ryan, supra, note 5.

10. Tarbell v. Rivera, 1926, 31 Ariz. 214, 251 P. 553; Phoenix-Tempe Stone Co. v. Jenkins, 1925, 28 Ariz. 291, 237 P. 194.

11. Haralson v. Rhea, 1953, 76 Ariz. 74, 259 P.2d 246.

12. Sumid v. City of Prescott, 1924, 27 Ariz. 111, 230 P. 1103.

ery" in the "yards" so as to bring this case squarely under Section 23–803, subd. 10 which designates as hazardous:

"All work in mills, shops, works, *yards,* plants, and factories where steam, electricity or any other mechanical power is used to operate *machinery* and appliances in and about the premises." (Emphasis added.)

Such a conclusion is of course plausible under a literal interpretation of the statutory description. However, this court will not allow the purpose and intent of a statute to be thwarted or misinterpreted by a literal application of its terms. Garrison v. Luke, 1938, 52 Ariz. 50, 78 P.2d 1120.

Should this court sanction the present suit against defendant a long step would be taken toward inclusion under the Act of all accidents on farms or ranches caused by implements and machinery. Neither the text of the statute nor any of the cases decided thereunder furnish the slightest basis for so sweeping an extension of the Act's application.

This conclusion is reinforced by reference to the words associated with "yards" in Section 23–803. The companion terms "mills, shops, works * * * plants and factories" connote industrial locations, i. e.

places for the fabrication or processing of products from raw materials or for product repair or assembly. At least they do not suggest the type of activity engaged in here. This is not to say, of course, that there might not be situations where the work carried on at a particular farm or ranch partakes more in the nature of a business or industry than what is commonly thought of when agricultural pursuits are mentioned.

Nor do we mean to say that actions founded on farm or ranch accidents arising out of certain types of dangerous work enumerated in Section 23–803 are not cognizable under the Act. Suffice it to say, however, that the activity engaged in here is not fairly within the scope of the Act. Whether and to what extent such agricultural work is to be brought within the purview of the Act is properly a matter for determination by the legislature.

For the above reasons this court is constrained to hold that the plaintiff's employment is not hazardous within the meaning of the Arizona Employers' Liability Law. Accordingly, the judgment is reversed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.