## CHURCH · v. KELSEY.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

Submitted March 28, 1887.—Decided April 18, 1887.

The Constitution of the United States does not prevent a state from giving to its courts of equity power to hear and determine a suit brought by the holder of an equitable interest in land to establish his rights against the holder of the legal title.

A state constitution is not a contract within the meaning of that clause of the Constitution of the United States which prohibits the States from passing laws impairing the obligation of contracts

THIS was a motion to dismiss, to which was united a motion to affirm. The case is stated in the opinion of the court.

*Mr. Chapin Brown* for the motions.

*Mr. A. Ricketts* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

If we understand correctly the questions on which, it is claimed, our jurisdiction in this case rests, they are: 1. That the provision in § 1, Art. XIV of the Amendments to the Constitution of the United States, that a state shall not " deprive any person of life, liberty, or property without due process of law," prevents the State of Pennsylvania from giving jurisdiction to a court of equity of a suit brought by the

owner of an equitable interest in land to establish his rights against the holder of the legal title, because it deprives the holder of the legal title of the right to a trial by jury which he would have in a suit at law; and, 2. That, as the constitution of a state is the "fundamental contract made between the collective body of citizens of the state and each individual citizen," a state statute which violates a state constitution is a "law impairing the obligation of contracts" within the meaning of that term as used in Art. I, § 10, clause 1, of the Constitution of the United States.

It sufficiently appears from the record that the first of these questions was actually presented to and decided by the court below adversely to the claim of the plaintiffs in error. That is sufficient to give us jurisdiction; but the decision was so clearly right that it is unnecessary to keep the case here for further argument. Certainly the provision of the Constitution referred to cannot have the effect of taking away from the states the power of giving a court of equity jurisdiction in cases requiring equitable relief. It may be true that in Pennsylvania "equity powers have been doled out to the courts by the legislature with a sparing hand," but there is nothing in the Constitution of the United States which requires that this should always be so. The suit of which complaint is made in this case was brought to establish a trust in the holder of the legal title, which from time immemorial has been a proper subject of chancery jurisdiction. It is useless to contend that the Constitution of the United States prevents any state from giving a court of equity the power to hear and determine such a case. This has not been doubted in the courts of Pennsylvania, as we understand. *North Penn. Coal Co.* v. *Snowden*, 42 Penn. St. 488, 492.[1]

We cannot find that the other question was actually presented to the state court for decision. Certainly it cannot be found in the record in the form it has been stated in the brief of counsel here. But if it had been, no argument would be needed to show that the objection was not well taken. A state constitution is not a contract within the meaning of that

---

[1] *S. C.* 82 Am. Dec. 530.

clause of the Constitution of the United States which prohibits the states from passing laws impairing the obligation of contracts. It is the fundamental law adopted by the people for their government in a State of the United States, and as such it may be construed and carried into effect by the courts of the State, without review by this court, except in cases where what is done comes, or is supposed to come, in conflict with the Constitution of the United States. Such is not the claim here, the only question under this branch of the case being whether the statute giving jurisdiction to the court of equity in the suit under which the defendants in error claim title is in violation of the constitution of the state.

*The motion to dismiss is overruled, and that to affirm granted.*