### DICKINSON v. COLE.

No. 8758—Opinion Filed Dec. 24, 1918.

(177 Pac. 570.)

1. **Jury—Master and Servant—Negligence —Personal Injury—Contributory Negligence—Assumption of Risk — Constitutional Provision.**

Article 23, § 6, of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the

jury, and the finding of the jury upon these defenses is conclusive upon the court.

**2. Constitutional Law—Vested Rights—Defense.**

The citizen has no property in a defense and while rights which have accrued to him under the operation of existing laws, and have thereby become vested, may not be taken away by change of the rule, he cannot be heard to complain if the rule is changed before any rights have accrued to him thereunder.

**3. Railroads—Personal Injury—Negligence —Violation, of Speed Ordinance.**

The running of a train within the limits of a city, in excess of the rate of speed prohibited by ordinance of the city, is negligence per se.

(Syllabus by Pope, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Eva Roberts Cole, administratrix of A. W. Roberts, deceased, for herself and others, against Jacob M. Dickinson, receiver of the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake, R. J. Roberts, W. H. Moore, and John E. Du Mars, for plaintiff in error.

Ledbetter, Stuart & Bell, for defendant in error.

Opinion by POPE, C. On the morning of December 11, 1915, A. W. Roberts, while attempting to cross the tracks of the Rock Island at the intersection with tracks of the Oklahoma Railway Company in the western part of Oklahoma City, stepped in front of one of the Rock Island east-bound passenger trains, designated as train No. 4, was struck by the engine of the train, and was instantly killed. His widow brought suit against the receiver of the railroad company, recovering judgment in the district court of Oklahoma county, and the receiver brings error.

The uncontradicted evidence shows that the deceased, without anything to obstruct his view of the approaching train for more than a block away, stepped in front of it and was instantly killed. Were it not for article 23, § 6, of the state Constitution, which provides that "the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever. be a question of fact, and shall, at all times. be left to the jury," it would be necessary to hold as a matter of law that the negligence of plaintiff precludes a recovery. The receiver devotes the greater portion of a well-prepared brief to the above-quoted section of the Constitution; his argument being that the

provision as construed to warrant the submission of the cause to the jury takes from the receiver a vested right in his defense of contributory negligence, and hence is in violation of the Fourteenth Amendment to the federal Constitution. As said by this court in the case of St. L. & S. F. Ry. Co. v. Long, 41 Okla. 190, 137 Pac. 1156, Ann. Cas. 1915C, 432, the above-quoted constitutional provision is plain and unambiguous, and plainly makes the question of contributory negligence one for· the jury; but in no· event would there be any merit in the contention that the constitutional provision takes away a vested right from the receiver, since the facts on which the action is based arose after the adoption of the Constitution. This question has been definitely determined by this court in the case of Adams v. Iten Biscuit Co., 63 Okla. 52, 162 Pac. 938. In this well-considered case, in passing upon the question raised in the instant case, the· court said:

"It may be safely stated as a general rule· that the citizen has no property in a rule of· law, and that, while rights which have accrued to him under the operation of existing laws and have thereby become vested may not be taken away by a change of the rules, he cannot be heard to complain if the· rule is changed before any rights have accrued to him thereunder."

We think that the above case conclusively answers the contention of the plaintiff in error that no one has a vested right operative against the change of a law in a cause of action or defense which may accrue to him thereunder in the future. It follows· that there is no element of vested right in the instant case. It would be an unreasonable construction, and one never given, to hold that the Fourteenth Amendment of the federal Constitution is prohibitive of all change in legal process and methods, and was intended to render all law unchangeable. Of nothing is the law more jealous than of the right to a jury trial, and yet it has been held that to take away jury trials where the right has existed is not in violation of the Fourteenth Amendment. Walker v. Sauvinet, 92 U. S. 90, 23 L. Ed. 678; Church v. Kelsey, 121 U. S. 282, 7 Sup. Ct. 897, 30· L. Ed. 960: Marvin v. Trout, 199 U. S. 212, 26 Sup. Ct. 31, 50 L. Ed. 157.

There can certainly be no greater change in the law in which a question is transferred for determination from the jury to the court. It follows therefore that the plaintiff in error's contention that the court should have held that contributory negligence of the deceased precluded a recovery cannot be sustained.

The uncontradicted evidence shows that the train was running on acquired momentum, steam cut off, and was being controlled by the air brakes; that the automatic bell ringer was working, and the whistle was sounded for the crossing. Both the engineer and fireman were keeping a careful lookout. The engineer whose view was obstructed by the boiler could not see the deceased as he was on the opposite side of the tracks, but he was seen by the fireman. The latter assumed that the deceased would use the care of an ordinarily prudent person and would not attempt to cross the track in front of the train. In this there was no neglect. Elliott on Railroads, § 1153.

The only negligence on the part of the defendant was in the speed of the train, being in excess of the ordinance rate. In this particular only was there conflict in the evidence, and, being controlled by the verdict, we must conclude that the train was running at a speed prohibited by ordinance of the city, which constitues negligence per se; for the running of a train at a rate of speed in excess of that allowed by statute or ordinance is negligence per se.

We are of the opinion that there was sufficient evidence introduced on behalf of the plaintiff to warrant the jury in returning a verdict for the plaintiff below. The cause is therefore affirmed.

By the Court: It is so ordered.