## Downing v. Baucom's Administratrix.

(Decided October 15, 1926.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Appeal and Error.—In view of defendant's failure, in wrongful death suit, to embody misconduct of opposing counsel in bill of exceptions, question will not be considered.

2. Automobiles—Defendant, Blinded by Approaching Lights, was Under Duty to Slacken Speed of Automobile and Give Warning (Ky. Stats., Section 2739g-47).—Where defendant, meeting two other cars, was blinded by their lights, he was under duty to slacken speed of car and give warning of approach, under Ky. Stats., section 2739g-47.

3. Automobiles—Deceased Pedestrian Presumed to Have Looked for Approaching Automobiles.—Where evidence in wrongful death

suit failed to show whether deceased pedestrian looked to see if automobile was approaching, he would be presumed to have looked since negligence is never presumed.

4. Automobiles.—Whether deceased pedestrian, struck by automobile at street intersection, looked for approaching cars held jury question.

MYERS & HOWARD for appellant.

GALVIN & TRACY for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—Affirming.

Plaintiff recovered a judgment against Dr. Downing for $3,000.00 for the death of her husband. About 9 p. m., December 8, 1924, Dr. Downing, in his Dodge coupe, was driving south on Scott street in the city of Covington. William D. Baucom was walking out 13th street. As he crossed Scott street, he was struck and killed by Dr. Downing's machine.

Dr. Downing now complains of the misconduct of the attorney for Mrs. Baucom, but as he has not had that misconduct embodied in the bill of exceptions, we can not consider it. See Hopkins v. Com., 210 Ky. 378, 275 S. W. 881.

His next complaint is that his motion for a directed verdict to find for him should have been sustained. The evidence shows that just about the time of the accident, Dr. Downing met two cars going north, and he says he was blinded by the lights of these machines and did not see Mr. Baucom until it was too late to avert the accident. Under such conditions, he should have slackened his speed, given warning of his car's approach and had it under control. See 2739g-47, Ky. Statutes; Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S. W. 578; Budnick v. Peterson, 215 Mich. 678, 184 N. W. 493; Jaquith v. Worden, 73 Wash. 349, 132 P. 33, 48 L. R. A. (N. S.) 827. Dr. Downing contends that Mr. Baucom negligently walked across the street without looking and that his death was due to his own negligence. The evidence does not show whether or not Mr. Baucom looked to see if any car was approaching before he started across the street. If he did not do so, that was negligence, but we have often written that negligence is never presumed, so we must presume that he did look. If he did, and saw Dr. Downing's car, he may have felt that by the time it got to where

the car would cross his pathway, he would have got far enough across the street for the car to go behind him. If he did so reason, he was not far wrong. The doctor says Mr. Baucom was ten or twelve feet from the curb. If he was ten feet from the curb, the doctor had plenty of room to drive behind him, and if he was twelve feet from the curb, there was room for two cars abreast to drive behind him. Those questions were submitted to the jury under instructions of which no one complains.

The judgment must be affirmed.