[Civil No. 2928.  Filed December 15, 1930.]

[294 Pac. 276.]

V. R. DENNIS, Appellant, v. CLARENCE A. STUKEY, Appellee.

Messrs. Moore, Elliott & Shimmel, for Appellant.

Messrs. Anderson, Gale & Stack, for Appellee.

ROSS, J.—V. R. Dennis was constructing, under contract for the state highway commission, that portion of the Prescott-Ash Fork highway commencing at or near the eastern limits of the city of Prescott and extending northerly some six or seven miles. On the 6th of September, 1928, he had finished the paving (except the rolling of the surface thereof) of a section of said road from the city limits of Prescott to a point where the Sheldon Street road crosses the Prescott-Ash Fork highway, a distance of something like 2,100 feet. The paved portion of this road was 20 feet in width. The roller used in rolling pavement was about nine feet high and eight feet wide. After the day's work on September 6th, it was parked on the paved road in said section so that it occupied about nine of the 20 feet thereof.

Plaintiff Stukey, with one Haining driving plaintiff's Chrysler sedan, about one o'clock on that night went out from Prescott on the Sheldon Street road, near which was Haining's home. Before reaching Haining's home they concluded to take a drive into the country. They passed the Haining home, crossed

the Prescott-Ash Fork highway at its junction with the Sheldon Street road, proceeded north on a detour road for some distance, and then returned the same way they had gone out until they arrived at the junction of the two roads. At this point, instead of following the Sheldon Street road back to Haining's home or Prescott, they turned on to the paved section of the Prescott-Ash Fork highway and, while driving on the right side of the road, about 500 feet from the junction, ran into the roller, and as a result the Chrysler sedan was practically demolished. This action is brought to recover damages to the car, loss of its use, and for drayage and storage charges.

Plaintiff alleges in his complaint that the defendant had "failed to provide and keep burning any lights or other indications warning persons traveling upon said highways of the presence of said road roller . . . "; that "the night being too dark to distinguish objects in said highway and (plaintiff and Haining) being blinded by the lights of an approaching car, plaintiff's said automobile crashed into and collided with said roller. . . . "

The defense, in addition to a general denial, was that the piece of road where plaintiff's automobile was damaged was closed; that signs, barriers and lights were placed at the point where plaintiff came into said highway showing that it was closed to the traveling public, and that plaintiff and Haining had actual knowledge that such portion of the road was under construction and dangerous; that the Sheldon Street road was open, safe and a shorter route to their destination than the road they took; that Haining, who was driving, operated the car at so fast a rate of speed that he could not avoid striking the roller within the distance lighted by the headlights of the Chrysler automobile; that he lost control of the car, and for all of said reasons plaintiff proximately contributed to the damage of his property.

The jury returned a verdict for plaintiff and judgment was entered thereon. The defendant appeals from the judgment and from the order overruling his motion for a new trial. He assigns several reasons for his appeal, the principal of which reasons may be reduced to two propositions, stated in defendant's own language, as follows:

"First: Under no theory of the evidence was the plaintiff entitled to a verdict or judgment. Accepting every statement made by plaintiff and his witnesses as true, plaintiff

"(a) deliberately went in and upon a road he knew to be under construction, and hence dangerous, having available to him another good and well traveled road, paved and shorter in distance to his destination.

"(b) He suffered his car to be driven at a rate of 20 miles per hour for a distance of 250 feet while the driver was practically totally blinded by the lights of another car.

"Second: Plaintiff's own evidence discloses undisputed facts from which no other deduction could be made than that he was guilty of contributory negligence proximately causing the damage. The jury, having wholly disregarded these facts and the explicit instructions of the Court, it was the duty of the Court to set aside the verdict and grant a new trial. Plaintiff's own evidence disclosed undisputed independent negligence on the part of plaintiff and it therefore became the duty of the Court to instruct a verdict for defendant, or to have set aside the verdict and rendered judgment for defendant notwithstanding the verdict."

The evidence was sharply in conflict as to whether the piece of road where the accident happened was open to the public or not. The testimony of plaintiff's witnesses was that no barriers or signs or lights were placed at the junction of the Sheldon Street road and the Prescott-Ash Fork highway or on the roller, and that the general public was traveling over this particular piece of road. This testimony was

flatly disputed by defendant's witnesses. The decision of this controverted fact was one for the jury, and since the verdict was for plaintiff, we will have to assume that the road was open to the general public and that plaintiff was rightfully thereon when his automobile struck the roller.

The evidence is undisputed that plaintiff's automobile was going 20 miles an hour and that for 250 feet from the roller he and his driver were both blinded by the headlights on an automobile approaching from the opposite direction so that they could not see the roller until within a distance of four or five feet of it; that they did not stop or reduce their speed and when they did see the roller they were so close to it that they could not stop in time to prevent the collision.

The court correctly instructed the jury "that when the driver of an automobile is blinded by the lights of another car it is his duty to bring his car to such control that he can stop immediately, and that if he cannot then see he must stop," and that if they believed by a preponderance of the evidence plaintiff's failure under the circumstances to stop or to have control of his car contributed to the accident, they should return a verdict for defendant.

The rule fixing the duty of the driver of an automobile who is blinded by the lights of an approaching automobile is well stated in *Ruth* v. *Vroom*, 245 Mich. 88, 62 A. L. R. 1528, 222 N. W. 155, 156, as follows:

"It is not enough that a driver be able to begin to stop within the range of his vision, or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. If blinded by the lights of another car so he cannot see the required distance ahead, he must, within such distance from

the point of blinding, bring the car to such control that he can stop immediately, and, if he cannot then see, shall stop.''

Other cases to the same effect are *West Const. Co.* v. *White,* 130 Tenn. 520, 172 S. W. 301; *Pietsch* v. *McCarthy,* 159 Wis. 251, 150 N. W. 482; *Osbun* v. *De Young,* 99 N. J. L. 204, 122 Atl. 809; *Gleason* v. *Lowe,* 232 Mich. 300, 205 N. W. 199; *Pugh* v. *City of Catlettsburg,* 214 Ky. 312, 46 A. L. R. 939, 283 S. W. 89; *Downing* v. *Baucom's Admx.,* 216 Ky. 108, 287 S. W. 362; *Day* v. *Cunningham,* 125 Me. 328, 47 A. L. R. 1229, 133 Atl. 855; *Holsaple* v. *Superintendents of Poor,* 232 Mich. 603, 206 N. W. 529; *Mathers* v. *Botsford,* 86 Fla. 40, 32 A. L. R. 881, 97 South. 282.

The law as given to the jury was ignored. If the jury had observed the court's instructions on this point, it would have found plaintiff guilty of contributory negligence and not entitled to recover. The defendant now insists that under the circumstances it was the imperative duty of the trial court to grant him a new trial. If the rule of law that formerly obtained in this jurisdiction, and now prevalent in most of the states, controlled, we would be compelled to do as requested; but since the adoption of our Constitution we are bound by its provisions. Section 5 of article 18 of such instrument reads:

''The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall at all times, be left to the jury.''

In *Inspiration Consolidated Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88, we held that although the uncontradicted evidence showed plaintiff had assumed the risk, the language quoted above clearly indicated that the power or duty finally and conclusively to settle the question of contributory negligence was transferred from the court to the jury as ''the sole arbiter of the existence or nonexistence of

contributory negligence or assumption of risk in all actions for personal injuries,'' and that the verdict was conclusive upon the court. *Atchison, T. & S. F. Ry. Co.* v. *Spencer*, (C. C. A.) 20 Fed. (2d) 714.

In *Salt River Valley Water Users' Assn.* v. *Berry*, 31 Ariz. 39, 250 Pac. 356, 358, we said:

"It is settled beyond question in this jurisdiction that, if it appears that the plaintiff's injury was caused by concurring acts of negligence of plaintiff and defendant, the defendant is not entitled as a matter of law, to an instructed verdict but the question is one of fact to be passed upon by the jury. Under the common law, if plaintiff's negligence entered into and formed part of the efficient or proximate cause of the injury, it defeated his right of action. Now, it does not, except upon the say-so of the jury. Clearly and unmistakably this power has been given to the jury; and that it violates no constitutional right has been decided by this court, by the Oklahoma courts, whose constitutional provision is the same as ours, and by the Supreme Court of the United States. *Dickinson* v. *Cole*, 74 Okl. 79, 177 Pac. 570; *Chicago, R. I. & P. R. Co.* v. *Cole*, 251 U. S. 54, 64 L. Ed. 133, 40 Sup. Ct. Rep. 68.''

It is obvious that if the road was open to the public, as plaintiff's testimony tended to show, it was negligence for the defendant to leave the roller on the pavement as he did.

Defendant also excepts to one of the court's instructions. The jury was told that if it found from the evidence that the road was open to public traffic, or not being open to public traffic defendant had failed to place thereon proper signs and barriers and lights to warn persons, he was guilty of negligence *per se* in leaving the roller on the highway, unless it had displayed upon it one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of 500 feet to the front and projecting a red light visible under like conditions

and distance to the rear, or unless there was sufficient light to reveal any person within a distance of 200 feet upon such highway; and that if they further found that such failure to light was the proximate cause of the accident to find for the plaintiff.

This instruction was formulated under section 1623 of the Revised Code of 1928, providing for lights upon motor and other vehicles.

While admitting that the instruction is correct as to persons having no knowledge of the conditions of the road, defendant contends that it is not applicable to plaintiff because he and his driver knew the road was not completed and was not open to traffic. As heretofore stated, the question as to whether the road was open to traffic was, under the evidence, for the jury to decide. If it was open to traffic we think the failure to display lights on the roller was not excused because the road was still being rolled.

It is also said the facts bring this case within the rule laid down in *Franco* v. *Vakares,* 35 Ariz. 309, 277 Pac. 812. In that case it appeared that the plaintiff's intestate had furnished liquor to the automobile driver, who had thereby become intoxicated and recklessly drove into a street-car causing the death of the intestate. It also appeared that the motorman on the street-car was absolutely free from negligence. Under such a state of facts we held there could be no recovery. In the present case, if plaintiff's evidence is believed, defendant was not free from negligence. The determinative question under the evidence left the issue one of contributory negligence, and the verdict of the jury was final and decisive.

On the question of the duty of the trial court to grant a new trial, we have this to say: While the jury is the final arbiter on the question of the existence or nonexistence of contributory negligence, when an issue, free from the power of revision by the court, there still rests upon the court the duty of protecting

those persons innocent of wrongdoing as against those at fault. The trial judge has the same opportunity of seeing the witnesses, learning their interest, observing their manner of testifying, and of judging the probability of the truthfulness of the testimony as has the jury, and, by reason of his experience and training, should be better able correctly to evaluate the testimony. The trial judge should not, therefore, when the jury has ignored the instructions on contributory negligence, unless satisfied that upon the whole case the verdict is right and just, permit it to stand. If the evidence accredited by the jury is improbable or palpably untrue, he should not shirk his duty of granting a new trial. He should exercise his power to prevent injustice as well as to promote justice. The appellate court is bound by the verdict and the action of the trial court thereon and generally cannot grant relief therefrom, however unjust it may seem. Unjust verdicts, and verdicts founded upon a misconception or a disregard of the evidence or the result of local prejudice, must stand in cases of this kind, unless the trial judge exercises his unquestioned power and right to set them aside and order a new trial.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.