[Civil No. 2928.  Filed February 10, 1931.]

[295 Pac. 971.]

V. R. DENNIS, Appellant, v. CLARENCE A. STUKEY, Appellee.

Messrs. Moore & Shimmel, for Appellant.

Mr. Leo T. Stack, for Appellee.

ROSS, J.—The appellant has filed a motion for rehearing, and supports it with a very earnest and, in some respects, very plausible argument.

He insists that the facts bring this case within the rule laid down in *Franco* v. *Vakares*, 35 Ariz. 309, 277 Pac. 812. In that case the damages sought to be recovered were for the death of a guest, alleged to have been caused by the negligence of the owner of the automobile in which they were riding. The defenses were: (1) That the defendant was drunk at the time of the accident, and that such drunkenness was induced by the deceased; and (2) that the deceased was guilty of contributory negligence.

We held in that case that the issue of contributory negligence was a question of fact to be determined by the jury. We held that the defense of drunkenness, under the facts, was absolute, upon two grounds: (1) That the deceased had furnished to defendant the liquor which made him drunk, and in so doing, by his own independent act, had caused his own death, for which there could be no recovery from defend-

ant; (2) that they were engaged in a joint enterprise or venture, in which each was a principal, charged with the negligence of the other.

The facts distinguish the cases from each other, and, of course, are governed by different principles of law.

The appellant makes the further point "that it is the inherent power and duty of the court of appeals to correct the error of the trial court." We think the power to revise judgments of trial courts is perhaps more constitutional and statutory than inherent, but, whatever the source, it must be admitted the duty is imposed on the appellate court to correct prejudicial errors of inferior courts and tribunals if the law commands or authorizes it.

The error of the trial court of which complaint is made was its refusal to grant a motion for a new trial on the ground that the jury ignored the court's instructions. Under the facts and the instructions, plaintiff was unquestionably guilty of contributory negligence, and, if the jury had observed the instructions, the verdict would have been in favor of appellant. The duty of the court in any kind of case, except for negligence, is to grant a new trial when the jury ignores the instructions. But, when the issue is contributory negligence or assumed risk, the Constitution (§ 5, art. 18) places the power and duty of deciding the matter in the jury. We think this constitutional provision circumscribes and limits the powers and likewise the duty of this court. The jury, and not the court, must decide whether plaintiff was guilty of contributory negligence. It is the duty of the court to advise the jury of the law applicable to the facts, and, if there is evidence showing, or tending to show, plaintiff guilty of contributory negligence, instruct as to its effect, if established, on plaintiff's case. But the jury is the depository of the power finally to determine the question.

The cases cited by appellant in his splendid brief on this motion are good law, but they are mostly from states other than Oklahoma and Arizona, whose Constitutions are alike, and whose decisions (cited in our opinion) are controlling.

When the issue is one of contributory negligence, the court cannot direct a verdict; that is, if the evidence in any state of the case shows, or tends to show, that the accident was due to the concurring negligence of the plaintiff and defendant, plainly the duty of the court, under our Constitution, is to submit the question to the jury. As we said in *McIver* v. *Allen,* 33 Ariz. 28, 262 Pac. 5, 9:

"The jury is the sole judge of the sufficiency of such evidence to show contributory negligence, much the same as it determines both law and facts in a case of criminal libel, and the court's only duty is to decide the preliminary question, whether the plaintiff's evidence fairly presents it, and, in case it does, submit it by proper instructions."

The comparison of the duty of the jury in tort cases, where the issue is contributory negligence of the plaintiff, with the duty of such body in criminal libel cases, is very apt. Mr. Justice HOLMES, in his opinion in *Chicago, R. I. & P. R. Co.* v. *Cole,* 251 U. S. 54, 64 L. Ed. 133, 40 Sup. Ct. Rep. 68, 69, a case involving a provision of the Constitution of Oklahoma like our section 5, article 18, uses this language:

"As it (state) may confer legislative and judicial powers upon a commission not known to the common law, *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 53 L. Ed. 150, 29 Sup. Ct. Rep. 67, it may confer larger powers upon a jury than those that generally prevail. Provisions making the jury judges of the law as well as of the facts in proceedings for libel are common to England and some of the States, and the controversy with regard to their powers in matters of law more generally as illustrated in *Sparf* v. *United States,* 156 U. S. 51, 715, 39 L. Ed. 343, 15 Sup. Ct. Rep. 273, and

*Georgia* v. *Brailsford,* 3 Dall. 1, 4, 1 L. Ed. 483, 484 [see, also, Rose's U. S. Notes], shows that the notion is not a novelty. In the present instance the plaintiff in error cannot complain that its chance to prevail upon a certain ground is diminished when the ground might have been altogether removed."

The motion will have to be denied.

McALISTER, C. J., and LOCKWOOD, J., concur.