368 P.2d 444

Mike Lee LAYTON, Appellant,

v.

Raphael G. ROCHA, Appellee.

No. 7196.

Supreme Court of Arizona.

En Banc.

Jan. 17, 1962.

Rehearing Denied March 27, 1962.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

Langerman & Begam, Phoenix, for appellee.

WINDES, Justice (retired).

Personal injury action by Raphael G. Rocha, hereinafter referred to as "plaintiff", against Mike Lee Layton, hereinafter designated "defendant". Trial before a

jury. Verdict and judgment in favor of plaintiff for $25,000.

Defendant brings the matter here and submits for our consideration three assignments of error, (1) erroneous instruction on the subject of contributory negligence, (2) failure of the trial court to order a mistrial because of reference to insurance, and (3) instructing the jury that it may give more general damages than prayed for in the complaint.

In order to dispose of the questions presented, no useful purpose would be served by detailed description of the nature of the injuries or how or where the accident occurred except that it was on a public highway. Unquestionably, the evidence was such as to require an instruction on contributory negligence. The defendant requested an instruction to the effect that if the jury found there was contributory negligence its verdict *must* be for the defendant. This was refused and in lieu thereof the court instructed that if both parties were negligent and such negligence proximately contributed to bringing about the accident the law would leave them where it finds them "and the plaintiff *may* not be entitled to recover and your verdict *may* be for the defendant."

The debate concerning the correctness of this instruction revolves around the correct interpretation of A.R.S.Const. Art. 18, § 5, which reads:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

Defendant's position is that it was prejudicial error to tell the jury that in the event it found plaintiff contributorily negligent he may not be entitled to recover and under such circumstances the verdict *may* be for the defendant and the jury should have been told that its verdict *must* be for the defendant.

During the past forty years this court has rendered many decisions interpreting the foregoing provision of the Constitution. From 1920 to the present time it has been consistently held that when there is evidence that the plaintiff was negligent, whether such negligence was a contributing cause of the injury as would deprive the plaintiff of the right to recovery was solely a question for the jury. Campbell v. English, 56 Ariz. 549, 110 P.2d 219; Zancanaro v. Hopper, 79 Ariz. 207, 286 P.2d 205. It is unnecessary to tabulate other Arizona cases to the same effect which are referred to in these decisions. Even though the undisputed evidence shows that plaintiff's negligence did as a fact contribute to the injury the jury *may* find in favor of the plaintiff and this court cannot direct a new trial. Dennis v. Stukey, 37 Ariz. 299, 294 P. 276, rehearing denied, 37

Ariz. 510, 295 P. 971; Campbell v. English, supra. In other words, the court should advise the jury what, under the law, amounts to contributory negligence but it is deprived of the power to instruct the jury as to what its verdict must be. Defendant requested a *must* instruction. To this he was not entitled under these authorities.

We have approved instructions that if a jury finds plaintiff guilty of contributory negligence it should find for the defendant. Dennis v. Stukey, supra. The form given here was that it *may* so find. We think the preferable form is that in the event of contributory negligence the jury "should" find for the defendant. This form more accurately advises the jury of its duty. Since under our decisions a verdict for the plaintiff is permissible irrespective of the strength of the evidence concerning plaintiff's negligence, and the jury under the law as announced may decide the issue for plaintiff even though the evidence clearly shows he was guilty of contributory negligence, we cannot say that the court committed reversible error by phrasing the instruction permissibly with the word "may".

■ The defendant claims a mistrial should have been granted because of language employed by counsel for the plaintiff while cross-examining the defendant. The inquiry of defendant was whether he had made out some report or stated to someone what the witness believed had happened. He said he had so stated to someone, then the following transpired:

"Q. I want you to answer this next question 'Yes' or 'No', without giving the details of what was in the report; I want you to tell us at this time, did you make out some kind of written report of what you believed had happened? Just 'Yes' or 'No'.

"A. No.

"Q. You did not make out for anybody, make one out for anybody or anyone?

"A. I did not personally, no one.

"Q. You stated it to someone?

"A. Yes.

"Q. This someone was an investigator for Mr. Scoville's firm, or just someone, 'Yes' or 'No'?

"MR. SCOVILLE: We have an objection to that, Your Honor.

"THE COURT: Sustained.

"MR. LANGERMAN: Q. Did that report—and just answer 'Yes' or 'No' and no other detail—we have rules of evidence here that prevent us from getting some things in.

"MR. SCOVILLE: We object to that, and we have a motion to make in regard to the statement of counsel.

"MR. LANGERMAN: Q. Without stating what was in the report, however, did the report contain any information or statement or estimate by you as to how far you were away from that other car when you first saw it? Just 'Yes' or 'No'."

We see nothing that would warrant a mistrial because of reference to insurance. It is too speculative.

■ The court gave the following instruction:

"In the pleadings filed in this cause, the plaintiff has requested general damages be awarded him in the amount of $75,000. You are instructed that this prayer for damages is not evidence, and is not binding upon you in any way; in that connection you are instructed that in the event you find the plaintiff entitled to recover damages in this action you may award either more or less than the amount of damage requested in the complaint. The amount of your award must be founded upon evidence in the case as applied to the instruction and if this evidence so considered justifies an award of damages in an amount smaller than Mr. Rocha has requested in his complaint your verdict should reflect your view of the evidence; on the other hand, in the event you believe from the evidence considered in the light of the Court's instructions, that he is entitled to an award larger in amount than he's requested, then your award may be for more than has been asked."

The giving of this instruction is assigned as error. We are frank to say that we never before heard of the court in this jurisdiction giving such an instruction. The court can not tell the jury in a personal injury action that it can find a greater amount of general damages than that to which plaintiff alleges he is entitled to. Plaintiff attempts to justify it under the provisions of 16 A.R.S. Rules of Civil Procedure, rule 54(d), the provisions of which, in so far as applicable, read:

"* * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

We have had occasion to invoke this Rule and allowed the court to grant relief legally warranted based upon facts pleaded and proved, though it be upon a theory different than that asked for in the complaint. Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603; Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026.

No decision has been cited warranting this kind of instruction under Rule 54(d) or the comparable Federal rule, and we

have been unable to find one. We do not believe it was ever intended that this rule authorize such an instruction involving general personal injury damages. The instruction therefor was wrong but we believe it was not prejudicial. The amount claimed in the complaint was $75,000; the verdict was $25,000; consequently the instruction had no particular effect on the amount of the verdict.

The judgment is affirmed.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.

JENNINGS, Justice (dissenting).

I dissent from the conclusions reached by the majority in regard to the trial court's failure to give the "must" instruction on contributory negligence.

Throughout these United States, "The plaintiff's contributory negligence bars recovery against a defendant whose negligent conduct would otherwise make him liable to the plaintiff for the harm sustained by him." Restatement of Torts, § 467. The only exceptions are the comparative negligence states.

The majority of the members of this Court in substance hold that Arizona is a special exception to this rule; that by virtue of our constitutional requirement, conduct which "must" bar recovery by a plaintiff everywhere else in the United States, only

"may" do so here. While holding to this doctrine the majority opinion recites a preferred form of instruction, i. e., in the event of contributory negligence the jury should find for the defendant. That the majority can espouse both views is a legal paradox. If the Court means, as I think it does, to usher the rule of comparative negligence into common law negligence actions as well as employer liability actions by permitting the "may" instruction, it is incongruous to sanction the "should" instruction. For there will be many cases in which plaintiffs are only slightly negligent and plainly, under the principles of comparative negligence, the jury should *not* find for the defendant.

Nevertheless this dissent is directed to the "may" instruction. This view is inconsistent with the common law concept of contributory negligence, our own constitution, the intent of our constitutional framers, and our own case history.

Although a comprehensive review of the history of A.R.S.Const. Art. 18, Sec. 5, would be too extensive for our purposes herein, suffice it to say that the section was taken from an identical provision in the Oklahoma Constitution. Dickinson v. Cole, 74 Okl. 79, 177 P. 570. Although the section originated as a proposition relative to Employers Liability law this Court early held in Davis v. Boggs, 22 Ariz. 497, 199 P. 116, 120 that the constitutional provision was not

restricted to the employer-employee relationship for the reason that the language was "too broad and comprehensive to admit of such a narrow construction." However, the legal effect of contributory negligence in Arizona common law negligence actions is definitely distinguishable from that of contributory negligence in Arizona Employers' Liability suits. This is readily gleaned from the cases, e. g., in Feffer v. Bowman, 90 Ariz. 48, 365 P.2d 472, 474, we find the following:

> "A plaintiff in a common law negligence action against his employer enjoys by virtue of this state's constitution freedom from the strictures of the fellow servant doctrine and the assurance that the defenses of contributory negligence and assumption of risk shall in all cases be jury questions. But his counterpart in an Employers' Liability suit benefits from several additional substantive and procedural advantages. One of these is the doctrine of comparative negligence—'The fact that the employee was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee.' A.R.S. § 23-806 (1956)."

If then comparative negligence is a doctrine peculiar in this state to Employers' Liability suits, as the instant case is not of that nature the doctrine should not apply.

A.R.S.Const. Art. 18, § 5 guarantees litigants the right to have the jury determine the existence or nonexistence of contributory negligence. It does not give the jury the power to arbitrarily set forth the legal consequences of contributory negligence. The majority opinion cited Dennis v. Stukey, 37 Ariz. 299, 294 P. 276, in support of the following statement:

> " * * * Even though the undisputed evidence shows that plaintiff's negligence did as a fact contribute to the injury the jury *may* find in favor of the plaintiff and this court cannot direct a new trial. * * * In other words, the court should advise the jury what, under the law, amounts to contributory negligence but it is deprived of the power to instruct the jury as to what its verdict must be. * * *"

Actually Dennis v. Stukey, supra, referring to Inspirational Consolidated Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88 stated concerning the above matter:

> " * * * we held that although the uncontradicted evidence showed plaintiff had assumed the risk, * * * the power or duty finally and conclusively to settle the question of contributory negligence was transferred from the court to the jury as 'the sole arbiter of the existence or nonexistence of contributory negligence * * * in all actions for personal injuries', and that

the verdict was conclusive upon the court. * * *"

In essence the Dennis v. Stukey case merely amplified A.R.S.Const. Art. 18, § 5 as to *whether* under a given set of facts contributory negligence exists. The question "what then" was not answered. That is, the Court did not say that the jury then had the power to arbitrarily set forth the legal consequences of contributory negligence after it had determined the existence of contributory negligence. This power belongs to the court and to the court alone.

In the case of Campbell v. English, 56 Ariz. 549, 110 P.2d 219, 221, this Court said:

"We have passed upon the meaning and effect of this constitutional provision in innumerable cases and have held, in effect, that when the issue is one of contributory negligence, that is to say, when there is evidence from which a jury could find, under the rules above set forth, that the defendant was guilty of negligence and one of the defenses is that plaintiff also was guilty of negligence, the constitution takes away from either the trial or appellate court the right to determine whether, as a matter of either law or fact, the evidence shows such contributory negligence to exist, and leaves the question both of law and fact on *that particular issue* to the decision of the jury. * *" (Emphasis added.)

Here again the court only discussed the question "whether contributory negligence".

As we stated in Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816, 822:

"The constitutional provision was not enacted for the purpose of changing the common law as to the application of the doctrine. Its evident purpose was to modify the common law by making the jury, rather than the court, the sole arbiter of the existence or the nonexistence of contributory negligence. * * *"

If the application of the common law doctrine is still in force in this state (subject to the above-mentioned modification) as stated in Alabam Freight Lines, supra, then a determination of contributory negligence by the jury obligates them to find for the defendant and they should be so instructed.

An example of this type of instruction was discussed by this Court in the case of General Petroleum Corp. v. Barker, 77 Ariz. 235, 269 P.2d 729, 733, as follows:

" * * * Defendant's No. 5 was an instruction on contributory negligence, wherein the jury was told that if this defense were established to their satisfaction it would be a bar to plaintiffs' recovery. The instruction is legally correct * * *."

**376**

Certainly when that "satisfaction" is obtained the words "may find for the defendant" do not set forth the legal consequences of contributory negligence. These permissive words are a far cry from the definite legal duty placed upon the jury to find for defendant.

UDALL, V. C. J., concurs in this dissent.