421 P.2d 873

**Daisy WILDS, Appellant,**

v.

**A. J. BAYLESS MARKETS, INC., Appellee.**

**No. 7703.**

Supreme Court of Arizona.

In Banc.

Dec. 28, 1966.

Allen, Fels & Angle, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, and John S. Hobbs, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

Appellant brought an action in the Superior Court of Maricopa County for personal injuries due to appellee's alleged negligence. The trial court instructed the jury that if it found the plaintiff guilty of contributory negligence, "Your verdict *must* be for the defendant." (Italics ours.) No objection to this instruction was then made by appellant. The jury brought in a verdict for appellee and against appellant. A month later we decided, in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, that the italicized word in the above instruction was improper and that the preferred word was "should", but that "may" was acceptable. Appellant promptly filed a motion for a new trial on several grounds, including the ground that the above instruction was erroneous. That motion was overruled, and an appeal was taken from the ruling and from the judgment on the verdict.

Appellant contends that since the instruction was erroneous, under the Layton case, supra, this case must be reversed. Appellee argues that the correctness of a ruling by a trial court must be considered in the light of the law existing at the time it was made, and that if a later decision alters the law, its effect should not be retroactive. Appellee's propositions of law raising this question have already been adjudicated in Arizona. In Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149, we held:

1. The Layton case, supra, did not change the law, but merely affirmed what the law of Arizona had been for many years previously.

2. That the giving of an instruction making it mandatory for a jury to find for the defendant, if it found the plaintiff guilty of contributory negligence, was fundamental error.

3. That the error would be considered by this Court even though no objection had been made in the trial court and

even though no such issue was raised on appeal.

4. That a case tried before Layton, supra, is controlled by the Layton decision.

Since we are not inclined to overrule Layton, there is no reason to analyse the the cases from other jurisdictions cited by appellee. Reversed and remanded for new trial.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.